ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2010 JUN 30 AM 8:30

CLERK L. [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ZATORIAN SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV310-036 |
| MATTHEW SNOWDEN, Sergeant, and EARLY TAYLOR, Sergeant, | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Zatorian Smith, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. After a review of Plaintiff's complaint and prior history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that this action be **DISMISSED**.

I.  **ABUSE OF JUDICIAL PROCESS**

A prisoner proceeding with a civil action in federal court must comply with the

mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Plaintiff was specifically asked whether he has brought any lawsuits in state of federal court dealing with the same facts involved in this case. (Id. at 1.)

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

Under penalty of perjury, Plaintiff stated that he had not brought any other lawsuits dealing with the same facts involved in this action. (Id.) However, Plaintiff's response was dishonest, as the Court is aware that prior to the date Plaintiff filed the instant case, he had filed another case in federal court addressing the same issues raised as in this case: Smith v. Snowden, Civil Case No. 310-014 (S.D. Ga. Feb. 9, 2010). Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[2]

---

[2]The court in Parker thoughtfully ruled as follows:

> The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

3

Thus, Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court recommends that this case be dismissed as a sanction for abuse of the judicial process.[3]

## II. FAILURE TO STATE A CLAIM

Moreover, even if Plaintiff's complaint were not dismissed for abuse of the judicial process, Plaintiff's complaint fails to state a claim upon which relief can be granted. *Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Matthew Snowden, a sergeant at JSP, and (2) Early Taylor, also a sergeant at JSP. (Doc. no. 1, pp. 1, 4.) Plaintiff explains that on December 5, 2009, he was placed in segregation, where he was assigned a top bunk. (Id. at 5.) He maintains that at that time he told Defendant Snowden that he had a bottom bunk profile. (Id.) However, according to Plaintiff, although Defendant Snowden acknowledged Plaintiff, he left without addressing Plaintiff's problem. (Id.) Plaintiff asserts that several hours later, Defendant Taylor made his rounds in the segregation unit. (Id.) Plaintiff claims that at that time, he

---

> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[3]The practice of dismissing a case as a sanction for providing false information about prior filing history has been previously utilized in the Southern District. See Hood v. Tompkins, Civil Case No. 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006); see also Harris v. Donaldson, Civil Case No. 605-061 (S.D. Ga. Jan. 23, 2006) (dismissing complaint without prejudice as sanction for plaintiff's abuse of judicial process).

told Defendant Taylor that despite having a lower bunk profile he was assigned to a top bunk. (Id.) Plaintiff further claims that Defendant Taylor, rather than addressing the situation, simply told Plaintiff that he did not have the time to "deal with it." (Id.) These are the only two interactions Plaintiff describes that occurred between he and Defendants. Notably, nowhere does Plaintiff explain why he had been assigned a lower bunk profile.

According to Plaintiff, later that day, while attempting to get on the top bunk, he fell and hurt his hip. (Id.) Plaintiff alleges that he remained lying on the floor for one hour before he received any medical attention. (Id.) Plaintiff also provides that he was taken to the prison medical department and then was taken to the Emanuel County Hospital. Plaintiff seeks to be compensated for the physical and mental pain and suffering he endured. (Id. at 6.)

To show the deliberate indifference that would violate the Eighth Amendment, Plaintiff must allege that prison officials knew about and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). When subjectively weighing whether prison officials are deliberately indifferent, the courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted). Although Plaintiff generally describes the above-noted events in his complaint, the events he describes do not rise to the level of a constitutional violation. At best, he states that he informed each Defendant once, that he had been assigned a lower bunk profile, but he never indicates why he had been assigned the profile. Nor does Plaintiff allege that Defendants acted with "obduracy and wantonness, not inadvertence or error in good faith. Indeed,

according to Plaintiff, Defendants' actions were negligent. (Doc. no. 1, p. 6.) The mere allegation of negligence does not amount to deliberate indifference. See Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Furthermore, although Plaintiff claims he remained lying on the floor for one hour without receiving medical treatment, he does not state that either of the named Defendants was at fault concerning the events that occurred when he allegedly fell off his bunk. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Nowhere, concerning the events that occurred after he fell off the bunk, does Plaintiff identify any action taken by any individual person, let alone Defendants. See Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between the actions of Defendants with the events that occurred once Plaintiff fell off his bunk, Plaintiff fails to state a claim upon which relief can be granted. As such, while the Federal Rules of Civil Procedure set forth a liberal standard of notice pleading, Plaintiff's complaint fails to describe allegations of events that show Defendants may have violated his constitutional rights.[4]

---

[4] The Federal Rules of Civil Procedure provide:

[a] pleading which sets forth a claim for relief, whether an original claim,

### III. CONCLUSION

In sum, Plaintiff has abused the judicial process by providing dishonest information about his filing history and fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).

7